Judge Buckner,
delivered the opinion of the court.
Grant purchased of Wasson, and re* ceived possession of a tract of land, for which he agreed to give $1059, 87 1-2 cents; $600 of which were paid at the time of the contract; .for the remainder he executed his note, upon which the obligee sued, and recovered judgment. To be relieved against it, Grant filed his bill in chancery, alleging that, by the terms of the written contract between them, (which he exhibits) Wasson was bound to execute to him, upon payment of the purchase money, a deed with general warranty; that Henry Banks had instituted suit against him for the land, and that he believed that Banks’s claim to it was valid: that Wasson had removed from the State of Kentucky; and that, should Banks succeed in recovering the land, he would be left without the means of indemnification. Pie demands from Wasson an exhibition of his title papers; and prays for a specific execution of the contract, should it appear that it can be enforced.
Wasson answered, insisting upon his ability to convey a valid title; setting forth the evidences of his title, and denying that Banks had any claim to it. He says that he is willing to convey to Grant, upon payment of the purchase money, if it be considered as proper for him to do so; but alleges, that he had already made a conveyance of it to one Rice, with Grant’s consent, and by his directions; he (Grant) having assigned the title bond to Rice.
By amended bills it is alleged, first, that a Mrs. Cannon, and secondly, that a Mrs. Preston were entitled to dower in the land, which Wasson by answer denies.
Upon a final hearing the circuit court dissolved the injunction which had been granted against the judgment at law, and dismissed the bill. From the •decree Grant appealed.
We have not perceived any error in the decree, *619 demanding its reversal. The only defects of title alleged, are those relating to the claim of Banks, and those for dower. There is not the slightest that Banks had even the shadow of a claim, legal or equitable. The allegations of the bill, as to Mrs. Cannon’s right to dower, in the land, are not supported by proof, so as to render it worthy of regard; and as to that of Mrs. Preston, (who is made a defendant) all difficulty is removed by her answer, in which she disclaims all right, if any she had, &c.
BjI1 .. ven_ dee for recis-fon of contract) points out particular defects in vendor’s title but does not suggest that there are probably any others, the defects pointed out are proved to be visionary, veudor shews an uninterrup ted possession for near thirty years but does not make out clearly a connected title from the Commonw’th, decided, that vendee is not entitled to a recision.
*619 The exhibition of title by Wasson, except so far as the long and uninterrupted possession of himself and those under whom he claims, may be considered, is not complete. Under what claim the land was first settled, does not satisfactorily appear. Wasson’s attention, in the preparation of the. case, seems to have been mainly directed to the allegations of the bill, as to the supposed defects of title, there pointed out. Some of the witnesses say that they believed it was settled under the claim of one Larue; but that they had heard afterwards, that Larue’s patent did not cover it. Be that as it may, the proof shews that at the time the decree, in this case, was rendered, Wasson himself had been in the uninterrupted possession of the land, claiming it as his own, for a period but little short of thirty years; and that it had been settled by one Martin, several years previously. To whom Martin delivered possession is not proved: it is probable that it was to one Cannon, from whom Wasson purchased. After the latter had retained the possession for many years, understanding that it was included in the bounds of a patent issued to B. Smith and J. Preston; thatPreston had become invested with Smith’s title, and had conveyed it to one Taylor: Wasson obtained a deed of conveyance for it, from Taylor. The proof on that point however, so far as it depends on the deeds exhibited, is not sufficient to shew that Wasson is invested with the legal title of the patentees; because it does not certainly appear that B. Smith ever conveyed his interest to Preston.
We are nevertheless of opinion, considering the nature of the complainant’s bill, in which the defects of title pointed out, have been proved to be visionary, *620 and in which it is not suggested that there are proba*-bly any others, and more especially considering the-long and uninterrupted possession of the appellee,, that the circuit court acted correctly, in refusing to rescind the contract; see the case of French vs. Howard, III. Bibb 301.
Monroe for appellant; Denny and Julian for appel-lee.
The statements of Wasson, in his answer, respecting the execution of the deed to Rice, are established-by the proof in the cause.
Grant having borrowed money from Rice, and , having procured him to becgpe his surety in a re-plevin bond, executed to secure the payment of the. money for which Wasson had recovered judgment against him; assigned to Rice Wasson’s bond for the conveyance of the land. Wasson, ignorant of the transfer to Rice, prepared a deed to Grant, in pursuance of his contract, and tendered it to him, on condition that he would pay the money due on the re-plevin bond; when Grant informed him that he must make the conveyance to Rice, as he had assigned the title bond to him. Wasson and Rice thereupon entered into a written contract, by which it was agreed that Wasson should execute a deed to him for the land; that it should be placed in the hands of one Shanks, to be kept by him with the title bond, until the money due on the replevin bond should be paid; when Rice should take the deed. Wasson did accordingly execute a deed, which Rice and Grant inspected and approved; and it was delivered to Shanks in pursuance of the agreement.
Rice subsequently re-assigned the bond to Grant, and disclaims all interest in the land. Grant will be entitled to a. conveyance on payment of the amount due on the replevin bond, but not until he makes such payment. The circuit court did not therefore err, in refusing to afford the relief sought.
The decree must be affirmed with costs*